## Sword v. Bowen.

(Decided February 26, 1914.)

### Appeal from Pike Circuit Court.

1. Judgment—Error in Name.—Where an infant brought suit by his next friend, and the judgment was in the name of the infant alone, this clerical mistake is not available error on appeal. The infant was the real party in interest, and if the defendant desired to have the judgment show on its face that it was recovered for his use and benefit in the name of his next friend, he should have made some motion to correct it in the lower court.

2. Instructions—Waiver of Error.—Errors and instructions will be waived unless exceptions and objections are taken to them in the trial court.

J. S. CLINE for appellant.

ROSCOE VANOVER for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

Daniel Bowen, an infant, by his next friend brought suit against John Sword to recover damages for assault and battery. Sword's answer was a traverse and a plea that he was compelled to assault Bowen in self-defense and did not use any more force than was necessary to protect himself from harm.

On a trial of the case, there was a judgment in favor of Bowen for $500.00.

Sword moved the court to grant him a new trial because the verdict was not sustained "by the law and the facts of the case," because the verdict was excessive and given under the influence of passion and prejudice, and was not sustained by sufficient evidence.

It will be observed that the motion and ground for a new trial did not complain of the instructions, nor do we find that any exception or objection by either party was taken or made to the instructions given by the court.

On this appeal it is urged as ground for reversal that the order impaneling the jury does not show that the jury were sworn to try the issues. The record does not expressly show that the jury were sworn, but as there is nothing in the record to show that they were not, we must asume that they were.

Another ground relied on is that the judgment entered on the verdict was in favor of John Bowen, the next friend in whose name the action was brought not being mentioned. This clerical mistake in entering the judgment is not available to appellant on this appeal.

John Bowen was the real party in interest, and if appellant desired to have the judgment show on its face that it was in favor of John Bowen suing by his next friend, he should have made some motion to correct it in the lower court, which he did not do.

The instructions are criticised, but as it does not appear that any exception was taken to them in the trial court, it is too late to point out in this court for the first time the errors, if any, they contain.

The remaining assigned error to be considered is the one rested on the ground that the verdict is excessive. Bowen testified in substance that when he was assaulted by Sword he was sixteen years old and that Sword, who was drunk, without any provocation, struck him in the head with a whisky bottle. That he hit him such a hard blow that it made a dent in his head, and up to the time of the trial, some three years afterwards, he had not entirely recovered from the effects of the blow, which very much impaired his memory and also caused him to have headaches and spells of dizziness. Another witness, who was present, corroborated Bowen in his statement of the circumstances surrounding the assault.

Sword in his testimony, after relating a quarrel or difficulty between himself and Bowen a few minutes before the assault complained of by Bowen, said that Bowen, who was drunk, persisted in annoying him and threatening to attack him, and that under these circumstances, he struck him with the bottle. That he did not strike him until after Bowen had run his hand into his pocket and told him that he had to go. That he thought he had a pistol in his pocket but did not know. Two or three other witnesses corroborated Sword in his evidence relating to the occurrence, and some of these witnesses said that Bowen had a pistol.

With the evidence in this conflicting condition, the jury had the right to determine which witnesses they would believe, and it is evident from their verdict that they accepted the story told by Bowen and his witnesses in preference to that told by Sword and the witnesses in his behalf.

With the evidence in this condition, we will not disturb the verdict on the ground that perhaps the weight of the evidence is against Bowen, nor can it be said that the assessment of damages was excessive.

The judgment is affirmed.